# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY W. BIRD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-09-1167-HE |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Danny Bird filed this case seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits and supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Robert E. Bacharach, who recommended that the Commissioner's decision be affirmed. Plaintiff has filed a timely objection. Therefore, the court makes a *de novo* review of the Report and Recommendation in light of the objections made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1).

The standard of review in a Social Security appeal is:

> whether the Commissioner's final decision is supported by substantial evidence, and whether she applied the correct legal standards. . . . Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . 'Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.' . . . Moreover, 'all the ALJ's required findings must be supported by substantial evidence' . . . .

Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (internal citations omitted).

Plaintiff's objections focus on step-five of the disability analysis. At this stage, the burden is on the Commissioner to establish that the plaintiff retains a residual functional capacity "to perform work in the national economy, given his age, education, and work experience." Id. at 1261. The administrative law judge ("ALJ") determined plaintiff could perform "skilled, sedentary work . . . except that requiring more than occasional squatting, kneeling, crouching, crawling, bending, and stooping and/or any ladder climbing." [Tr. 12]. The ALJ also determined that, based on the vocational expert's ("VE") testimony, plaintiff had acquired assembly and inspection skills from his prior relevant work as a welder and pipe welder that could transfer to other jobs such as light fixture inspector, lock assembler, and watch mechanism assembler. Having found these jobs were readily available in the national economy, the ALJ held Bird was not disabled under the Social Security Act and was therefore not entitled to disability benefits.

Plaintiff urges two objections here.[1] He argues the ALJ failed to adequately explain how the inspection and assembly skills plaintiff obtained during his prior relevant work were transferable to the jobs suggested by the VE and that substantial evidence did not support her conclusions. He also argues the ALJ failed to inquire about potential conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

As to the first objection, plaintiff asserts the ALJ failed to discuss in sufficient detail plaintiff's skills and their transferability to the new occupations identified and that she erred

---

[1] *Plaintiff has not pursued various other objections he urged before the magistrate judge, in light of the analysis in the Report and Recommendation.*

2

in relying on the VE's testimony as to these issues. In Dikeman v. Halter, 245 F.3d 1182 (10th Cir. 2001), the Court of Appeals concluded that "[w]hen an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." 245 F.3d at 1185 (citing Soc. Sec. Ru. 82-41, 1982 WL 31389, at *7 (Feb. 26, 1979)). Their "findings should be supported by appropriate documentation." Id. (citing Soc. Sec. Ru. 82-41, 1982 WL 31389, at *7) (internal marks omitted).

Although plaintiff characterizes the ALJ's admittedly spare identification of reasons as being an error of law, the court concludes the issue is essentially one of whether substantial evidence supports her determination. There is, of course, nothing wrong with an ALJ relying on a vocational expert in determining the issues of transferable skills and available jobs. *See* 20 C.F.R. § 404.1566(e) ("If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used . . . we may use the services of a vocational expert or other specialist."). In the circumstances existing here, the court concludes the ALJ's reliance on the testimony of the VE sufficiently identified the necessary skills and jobs.

The court further concludes the ALJ's referenced conclusions were supported by substantial evidence. There is the VE's testimony. *See* Prince v. Apfel, 149 F.3d 1191, 1998 WL 317525, at *1 (10th Cir. June 11, 1998) (ALJ based his finding that claimant had transferrable skills to certain occupations on VE's testimony). Further, plaintiff's own

3

submissions as to his past work experience indicate that he acquired assembler and inspector skills that could transfer to the suggested jobs. Plaintiff's description of his prior work indicates that, among other things, he welded pipes together, fitted pipes to A/C units, insulated pipes, wired A/C units, installed pumps into large A/C units, set cooling towers, ran copper pipes/wires, installed toilets and sinks, installed incinerators, used drills and other tools, etc. *See* Tr. 141-63. This is evidence of the ability to use various hand and power tools, to insulate objects, to wire objects, to operate machinery, to assemble and reassemble various parts, and to inspect work products. *See* Dictionary of Occupational Titles §§ 819.361-010, 862.281-022 (describing the work required for welders and pipe welders). The jobs recommended by the VE require similar, although certainly not identical, duties, including the ability to assemble parts and mechanisms, to operate machinery, to alter coils and wires, to inspect products, and to use hand and power tools. Dictionary of Occupational Titles §§ 706.684-074, 715.684-142, 725.684-010 (describing the work required for lock assembler, watch mechanism assembler, and light fixture inspector). Although there are differences between the various jobs, "[a] complete similarity" of all the skills, materials, and tools is not required. Soc. Sec. Ru. 82-41, 1982 WL 31389, at *5. The record includes more than mere skeleton descriptions of the relevant jobs. *See* Dikeman, 245 F.3d at 1185. The court concludes the ALJ's conclusions as to transferability of skills and availability of jobs were supported by substantial evidence.

Plaintiff's second objection is that it was error for the ALJ to fail to inquire whether

4

the VE's testimony conflicted with the DOT. An ALJ "has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT." Soc. Sec. Ru. 00-4P, 2000 WL 1898704, at *4 (Dec. 4, 2000).[2] Additionally, an ALJ's failure to "inquire about and resolve any conflicts" between a VE's testimony and the DOT has been considered error. Poppa v. Astrue, 569 F.3d 1167, 1173 (10th Cir. 2009).

Here, the record reflects no attempt by the ALJ to inquire about possible conflicts between the VE's testimony and the DOT. Such error, however, is subject to harmless error review and has been found to be harmless when there is no inherent conflict. Id. See Massachi v. Astrue, 486 F.3d 1149, 1153-54 n. 19 (9th Cir. 2007) (noting the ALJ's failure to ask the VE whether her testimony conflicted with the DOT was a "procedural error [that] could have been harmless, were there no conflict"). In the present circumstances, there is no inherent conflict between the VE's testimony and the DOT, and plaintiff has not advanced any other persuasive reason as to why the ALJ's error should be viewed as other than harmless.

Accordingly, for the reasons stated by the magistrate judge but with the exceptions noted here, the court **ADOPTS** the Report and Recommendation and **AFFIRMS** the

---

[2]*The magistrate judge, citing to Haddock v. Apfel, 196 F.3d 1084 (10th Cir. 1999) and Prince v. Apfel, 149 F.3d 1191, 1998 WL 317525 (10th Cir. June 11, 1998), concluded an ALJ has a duty to inquire about the consistency of a VE's testimony with the DOT only when the conflict regards a job's exertional requirements, not when the conflict regards skill levels. That limited reading of Haddock, arguable on its facts, has since been rejected by the Court of Appeals. The duty of inquiry extends to both exertional and skill-level limitations that might conflict with the DOT. Hackett v. Barnhart, 395 F.3d 1168, 1174-75 (10th Cir. 2005). See Soc. Sec. Ru. 00-4P, 2000 WL 1898704.*

5

Commissioner's denial of plaintiff's application for disability insurance benefits and supplemental security income benefits.

**IT IS SO ORDERED.**

Dated this 9 day of March, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE